**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Vaile,               ) | No. CV-11-674-PHX-LOA |
|                              ) | |
| Plaintiff,     ) | **ORDER** |
|                              ) | |
| vs.                          ) | |
|                              ) | |
| National Credit Works, Inc., ) | |
|                              ) | |
| Defendant.    ) | |
|                              ) | |

This action arises on the Court's review of the file. On September 26, 2011, and upon Plaintiff's Request to Enter Default, doc. 11, the Clerk of Court entered default against Defendant National Credit Works, Inc. because Defendant failed to answer or otherwise respond to the complaint. (Doc. 12) Plaintiff voluntarily consented to magistrate-judge jurisdiction on April 18, 2011, pursuant to 28 U.S.C. § 636(c). (Doc. 6)

**I. Background**

Plaintiff Jessica Vaile ("Plaintiff") commenced this action on April 6, 2011, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (Doc. 1) On August 8, 2011, Plaintiff filed a Proof of Service prepared by Rob Metzler of New York, stating that Defendant was served with the summons and complaint on August 17, 2011 at 3:40 p.m. at 3719 Union Road, Cheektowaga, New York 14225 by service upon John Licata. (Doc. 8) Federal Rule of Civil Procedure 12(a)(1), provides in relevant part, that a defendant must serve an answer "within 21 days after being served with the summons and complaint." Rule 12(a)(1), Fed.R.Civ.P.  Defendant has not filed

an answer or otherwise responded to the complaint within the time allotted by Rule 12(a)(1). Because of Plaintiff's inaction in this case, on September 19, 2011, the Court entered an Order to Show Cause for Plaintiff to show cause why this lawsuit should not be dismissed due to Plaintiff's failure to prosecute her lawsuit. (Doc. 10)  On September 23, 2011, Plaintiff filed a Request to Enter Default. (Doc. 11)  Purportedly in accordance with Rule 55(a), Fed.R. Civ.P., on September 26, 2011, the Clerk entered Defendant's default. (Doc. 12)

Upon review of the docket, the Court notes that neither the Proof of Service, doc. 8, nor Plaintiff's Request to Enter Default, doc. 11, reflect by affidavit or otherwise what John Licata's relationship is, if any, to the corporate Defendant, National Credit Works, Inc. The Court must speculate whether John Licata is Defendant's statutory agent, officer, or director and, if he is, whether the service of process on John Licata constitutes valid service under federal or state law.

**II. Service of Process**

A federal court does not have personal jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. *Direct Mail Spec. v. Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "Without a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) ("'[S]ervice of process is the *mechanism* by which the court [actually] acquires' the power to enforce a judgment against the defendant's person or property.") (emphasis in original; citation omitted). "Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant[.]" Rule 4(k), Fed.R. Civ.P. *See*, *Fishman v. AIG Ins. Co.*, 2007 WL 4248867 (D.Ariz. November 30, 2007).

Federal Rule of Civil Procedure 4 contains detailed provisions on the manner in which service should occur. Rule 4(h)(1)(A)-(B) provide that service of process may be

1 made on a corporation "in the manner prescribed by Rule 4(e)(1) for serving an indivi-
2 dual" or "by delivering a copy of the summons and of the complaint to an officer, a
3 managing or general agent, or any other agent authorized by appointment or by law to
4 receive service of process . . . ."  Rule 4(h)(1)(A)-(B), Fed.R. Civ.P.  Thus, a plaintiff
5 may utilize the federal rules regarding service of process, the state's service rules in the
6 state in which the federal district court is located, or, if service is effected in another state,
7 the service rules of that state.[1] Rule 4(e)(1), (h)(1)(A)-(B), Fed.R.Civ.P.  Service of
8 process will be upheld if it conforms to either the federal or a state's service of process
9 rules. However, "[s]ervice of process has its own due process component, and must be
10 'notice reasonably calculated . . . to apprise interested parties of the pendency of the
11 action and afford them an opportunity to present their objections.'" *Ross*, 504 F.3d at
12 1138 (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)).

13       "In the Ninth Circuit, the requirements of Rule 4(h) are liberally construed to
14 achieve its underlying purpose of giving a party notice of a claim against it." *Grand*
15 *Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, 2006 WL 1722314, * 3 (D.Ariz. June
16 22, 2006) (citing, among others, *Direct Mail*, 840 F.2d at 688-89; *Chan v. Soc'y*
17 *Expeditions, Inc*., 39 F.3d 1398, 1404 (9th Cir. 1994)). An appointed agent's authority
18 need not be express; it can also be implied. *Grand Canyon Resort Corp.*, 2006 WL
19 1722314 at 3 (citing *Direct Mail*, 840 F.2d at 685). "Implied authority may be sufficient
20 where an individual is not an employee but is 'so integrated with the organization that he
21 will know what to do with the papers . . . so as to render it fair, reasonable and just to
22 imply authority on his part to receive service,' and as long as the party receives sufficient
23 notice of the complaint." *Id*. (quoting *Direct Mail*, 840 F.2d at 866) (holding that
24 receptionist employed by another corporation was an agent despite denial of authority
25 when defendant corporation shared office space with her employer and she was only

26

27     [1] The Court notes that because there is no general federal long-arm statute, federal
courts must look either to the long-arm statutes of the state in which the court sits or to
28 specific federal statutes to authorize the exercise of jurisdiction. *See*, *Ross*, 504 F.3d at 1138.

1  person in the office), and citing *Chan*, 39 F.3d at 1404 (holding that service on president
2  of a company in his individual, but not his official, capacity was effective to render
3  service on the corporation)).

4  "When service of process is challenged, a plaintiff bears the burden of showing
5  that the court's personal jurisdiction is properly exercised." *Id.*, 2006 WL 1722314 at 2
6  (citing *Hirsh v. Blue Cross Blue Shield*, 800 F.2d 1474, 1477 (9th Cir. 1986); 4A Charles
7  Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1083 (2006); and
8  *Grand Entm't Group, Ltd. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993)). More-
9  over, a plaintiff is required to serve all defendants with a copy of the summons and
10 complaint within 120 days of filing a complaint or the complaint may be dismissed.
11 *Robinson v. Heritage Elementary School*, 2009 WL 1578313, * 2 (D.Ariz. June 3, 2009)
12 (citing Rule 4(m), Fed.R.Civ.P.). Although district courts have broad discretion to extend
13 the time for service under Rule 4(m), "no court has ruled that the discretion is limitless."
14 *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

15 **III. Default**

16 Federal Rule of Civil Procedure 55 governs the entry of default and default
17 judgment. Specifically, Rule 55(a) instructs that a clerk *must* enter default against a party
18 who has "failed to plead or otherwise defend" in the action. Rule 55(a), Fed.R.Civ.P.
19 The entry of default by the clerk is a necessary "prerequisite to an entry of default
20 judgment." *Vongrabe v. Spint PCS*, 312 F.Supp.2d 1313, 1318 (S.D.Cal. 2004). The
21 clerk may enter a default judgment "[if] the plaintiff's claim is for a sum certain or a sum
22 that can be made certain by computation . . . ." Rule 55(b)(1), Fed.R.Civ.P.  In all other
23 cases, the party must apply to the court for a default judgment. Rule 55(b)(2), Fed.R.
24 Civ.P. A default, however, does not automatically entitle a plaintiff to a default judgment.
25 *See*, *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) (enumerating seven factors for a
26 district court to consider in determining whether to grant a default judgment). "In
27 deciding whether to grant default judgment, a court must first assess the adequacy of the
28 service of process on the party against whom default is requested." *Golden Scorpio Corp.*

1  *v. Steel Horse Saloon I*, 2009 WL 976598, * 1 (D.Ariz. April 9, 2009) (citation and
2  quotation omitted).

3  **IV. Discussion**

4  When the fact of default is established by "affidavit or otherwise," a clerk is
5  required to enter the defendant's default. Rule 55(a), Fed.R.Civ.P.  When requesting
6  entry of default under Rule 55(a), however, a plaintiff must provide the clerk with the
7  required proof of default. *Id.*; *Tiesing v. 357 Customs Inc.*, 2008 WL 1970226 (E.D.Cal.
8  May 5, 2008). Because Plaintiff's Request to Enter Default, doc. 11, contained no
9  affidavit explaining John Licata's relationship to Defendant, and there is no evidence in
10 the record that service on Defendant through John Licata was otherwise properly effectu-
11 ated under Rules 4(e)(1) and 4(h)(2), the entry of default against Defendant, doc. 12, was
12 inappropriately entered and will be vacated. *See*, *Mason v. Genisco Technology Corp.*,
13 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation
14 to which he or she has not been made a party by service of process."); *Combs v. Nick
15 Garin Trucking*, 825 F .2d 437, 442 (D.C.Cir. 1987) ("[I]t is uniformly held that a judg-
16 ment is void where the requirements for effective service have not been met.").

17 For the reasons set forth above and on the Court's own motion,

18 **IT IS ORDERED** that:

19 1. the entry of default against Defendant, doc. 12, is hereby **VACATED** and set
20 aside;

21 2. Plaintiff's Request to Enter Default, doc. 11, is **DENIED** without prejudice; and

22 3. Plaintiff has until **Monday, December 19, 2011** in which to either (a) properly
23 serve Defendant in accordance with the applicable law, or (b) file a waiver of service
24 under Fed.R.Civ.P. 4(d), or this case will be dismissed pursuant to Rule 4(m), Fed.R.

25
26 / / /
27 / / /
28 / / /

1  Civ.P. Absent a showing of good cause and due diligence, no additional extensions to
2  serve process will be granted.
3  Dated this 17th day of October, 2011.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

- 6 -