**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jessica Vaile, ) | No. CV-11-674-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| National Credit Works, Inc., ) | |
| ) | |
| Defendant. ) | |

On January 13, 2012, Plaintiff filed a Motion to Continue Evidentiary Hearing, currently scheduled for February 23, 2012, on the grounds that Plaintiff's counsel has "a scheduling conflict that requires travel out of state for business[.]" (Doc. 22 at 1-2) Plaintiff's Motion indicates Plaintiff has "withdrawn her claim for actual damages; and therefore requests no oral arguments, evidentiary hearings unless requested by the court." (*Id.* at 1)

**I. Background**

This action arises on Plaintiff's claims that Defendant National Credit Works, Inc., violated numerous parts of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by attempting to "to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and . . . caus[ing] Plaintiff damages." (Doc. 1, ¶ 2 at 2)  The Complaint, filed on April 6, 2011, requests "actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant." (*Id.*, ¶ 64 at 9)  On April 18, 2011, Plaintiff consented in writing to magistrate-judge

jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Doc. 6)  Defendant, allegedly located in the City of Tonawanda, in Erie County, State of New York and doing business in the State of Arizona, was served with process, at least once, and has failed to answer or otherwise respond to the Complaint. (Docs. 1, ¶¶ 9, 11, and 13 at 2-3; 15) Defendant's default was entered by the Clerk of Court on December 2, 2011, pursuant to Rule 55(a), Fed.R.Civ.P. (Doc. 18[1])

## II. The Fair Debt Collection Practices Act

The FDCPA provides that, in addition to actual damages (which Plaintiff does not now seek), "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to . . . such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (indicating that FDCPA limits statutory damages to $1,000 where "numerous violations of the FDCPA are predicated upon one set of circumstances").

Pursuant to 15 U.S.C. § 1692k(a)(3), a prevailing plaintiff is entitled to the costs of her FDCPA action, as well as "a reasonable attorney's fee as determined by the court." *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 458, 459 (D.Nev. July 6, 1995); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs . . . ."). "An award of attorneys' fees pursuant to section 1692k(a)(3) is mandatory." *Schueneman v. 1st Credit of America, LLC*, 2007 WL 1969708, * 1 (N.D.Cal. July 6, 2007) (citing *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991)) ("[A]ttorney's fees should not be construed as a special or discretionary remedy; rather, the [FDCPA] mandates an award of attorney's fees . . . .").

## III. Federal Rule of Civil Procedure 55

"When a plaintiff prevails by default, he or she is not automatically entitled to the

---

[1] Defendant's default was first entered on September 26, 2011, but was set aside by the Court on October 18, 2010, because it was not entirely clear that Defendant was properly served. (Doc. 14)

- 2 -

1  damages they originally demanded." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.
2  1990); *Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, (S.D.Cal. 1997).
3  Rule 55(b)(2) requires a district court to make an independent assessment of damages when
4  deciding a motion for default judgment. *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc*., 513
5  F.Supp.2d 1, 3-4 (S.D.N.Y. 2007) (citing *S.E.C. v. Management Dyn., Inc*., 515 F.2d 801,
6  814 (2d Cir. 1975)). Damages may be proven through either an evidentiary hearing, or
7  through affidavits and other documents as exhibits that provide a factual basis for
8  determining the amount of a default judgment award. For example, "[a]s a general
9  proposition, punitive damages cannot be awarded simply on the basis of the pleadings, but
10 must instead be established at an evidentiary hearing held pursuant to Fed.R.Civ.P. 55(b)(2)
11 because they clearly are not liquidated or computable." *Comdyne I*, 908 F.2d at 1152 (citing
12 *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).
13       The Ninth Circuit holds that a district court may consider the following factors in
14 exercising its discretion to award a default judgment:

15/16/17
> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

18 *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary
19 standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v.*
20 *Castworld Prods., Inc*., 219 F.R.D. 494, 498 (C.D.Cal. 2003).
21 **IV. Discussion**
22       Plaintiff's Motion for Default Judgment and Attorney's Fees and Costs confirms
23 Plaintiff has abandoned her claim for actual damages and seeks only statutory damages of
24 $1,000.00 and an award of attorney's fees and costs as the prevailing party. (Doc. 21 at 3, 7-
25 8) Because an award of reasonable attorney's fees and costs may be determined by affidavit
26 and supporting documentation, even though such fees were not alleged as a liquidated
27 amount in the Complaint, Rule 55(b)(2)(B) does not require an evidentiary hearing.
28 *Holtsinger v. Briddle*, 2007 WL 1080112, * 1 (E.D.Cal. 2007) ("[W]hen a plaintiff's

1  damages are unliquidated (i.e., capable of ascertainment from definite figures contained in
2  documentary evidence or in detailed affidavits) or punitive, they require 'proving up' through
3  an evidentiary hearing or some other means.") (citing *Dundee Cement Co. v. Howard Pipe*
4  *& Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983)) ("A judgment by default may not
5  be entered without a hearing on damages unless, . . . the amount claimed is liquidated or
6  capable of ascertainment from definite figures contained in the documentary evidence or in
7  detailed affidavits.") (citations omitted); *Kauffman v. Specialty Flooring Systems, Inc.*, 2012
8  WL 32739, * 4 (M.D.Pa. January 6, 2012) ("[t]he Court does not find that a hearing is
9  necessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested
10 amounts are computable from the terms of the Agreement and proper documentary evidence.
11 See 10 James Wm. Moore, et al., Moore's *Federal Practice* § 55.32[2][c] (Matthew Bender
12 ed. 2010).")

13 **V. Conclusion**

14     The Court concludes that an evidentiary hearing to determine Plaintiff's statutory
15 damages, reasonable attorney's fees and costs is unnecessary. The Court will grant Plaintiff's
16 alternative request for a ruling without further oral argument, evidentiary hearing, evidence
17 or documentation. If Plaintiff is unable to adequately support her claims without further
18 documentary submissions, the Court may schedule an evidentiary hearing or further briefing
19 on the matter.

20     Based on the foregoing,

21     **IT IS ORDERED** that Plaintiff's Motion to Continue Evidentiary Hearing, doc. 22,
22 is **GRANTED**. The default damages evidentiary hearing set for **2:00 p.m. on Thursday,**
23 **February 23, 2012** is hereby **VACATED**. The Court will take Plaintiff's Motion for Default
24 Judgment and Attorney's Fees and Costs against Defendant National Credit Works, Inc., doc.
25 21, under advisement pending receipt of the documents set forth below, and thereafter will
26 prepare and file a Report and Recommendation pursuant to General Order 11-3 as the
27 Court's calendar permits.

28     **IT IS FURTHER ORDERED** that, unless already provided and filed, Plaintiff shall

timely file, no later than **Thursday, February 9, 2012,** the following:

1. Proposed Findings of Fact and Conclusions of Law with citations to the record and any affidavit as support therefor,

2. A Default Memorandum which shall set forth: (a) the basis for this Court's subject matter jurisdiction over this action; (b) why service of process on Defendant complied with Fed.R.Civ.P. 4; the basis for this Court's personal jurisdiction over Defendant; (d) the legal and factual basis for each of Plaintiff's claims for liability, damages and other requested relief; (e) whether any Defendant is a minor or incompetent person and, if so, whether such Defendant is represented by a general guardian, conservator, or other like fiduciary in accordance with Fed.R.Civ.P. 55(b)(2); and (f) a discussion of each of the *Eitel* factors, justifying the exercise of the Court's discretion to award a default judgment against Defendant. Plaintiff must provide citations to the record in support of each factual allegation and controlling or persuasive legal authority in support of Plaintiff's arguments.

3. An affidavit for an award of reasonable attorney's fees, if authorized by law, and list of non-taxable expenses in compliance with Local Rule LRCiv 54.2(d), (e), and,

4. A proposed Default Judgment which clearly articulates the specific monetary damages and other relief sought; the amount of reasonable attorney's fees requested; and the amount of all authorized non-taxable expenses and costs.

Plaintiff's counsel shall also email copies of all the requested documents set forth herein to the undersigned's chamber's email box (anderson_chambers@azd.uscourts.gov) in text-searchable format.

Dated this 23rd day of January, 2012.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge