IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Vaile, | No. CV-11-674-PHX-LOA |
| Plaintiff, | **REPORT AND RECOMMENDATION, FINDINGS OF FACT, AND CONCLUSIONS OF LAW** |
| vs. | |
| National Credit Works, Inc., | |
| Defendant. | |

This action, alleging violations of the Fair Debt Collections Practices Act, arises on Plaintiff's Motion for Default Judgment and Attorney's Fees and Costs against Defendant National Credit Works, Inc. (Doc. 21)  Because Plaintiff Jessica Vaile seeks only the statutory maximum damages of $1,000.00, authorized by 15 U.S.C. § 1692k(a)(2(A), and an award of reasonable attorney's fees and costs as the prevailing party, Rule 55(b)(2)(B), Fed.R.Civ.P., does not require an evidentiary hearing. Pursuant to General Order 11-3,[1] the undersigned Magistrate Judge recommends that default judgment be entered in favor of Plaintiff against Defendant in the amount of $7,635.00 for the reasons set forth in this Report and Recommendation.

---

[1] General Order 11-3, entitled Dismissal of a Civil Case Assigned to a United States Magistrate Judge Absent Voluntary Consent by the Parties Under 28 U.S.C. § 636(c)(1), directs that when a Phoenix Division magistrate judge to whom a civil action has been assigned lacks jurisdiction to proceed, the order or, in this case, the report and recommendation shall be directed to Senior United States District Judge Stephen M. McNamee for ruling. General Order 11-3, www.azd.uscourts.gov at Rules/General Orders.

## I. Background

Jessica Vaile ("Plaintiff "), who resides in Tempe, Arizona, alleges that National Credit Works, Inc. ("Defendant "), a debt collector, violated numerous aspects of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., by attempting "to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and . . . caus[ing] Plaintiff damages." (Doc. 1, ¶¶ 2, 12, 15)  The April 6, 2011 Complaint requests "actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant." (*Id*., ¶ 64 at 9)  On April 18, 2011, Plaintiff consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Doc. 6)  Defendant, located in the City of Tonawanda, in Erie County, State of New York, was served with process, at least once, and failed to answer or otherwise respond to the Complaint. (Docs. 1, ¶¶ 9, 11, and 13 at 2-3; 15)  Defendant's default was entered by the Clerk of Court on December 2, 2011, pursuant to Rule 55(a), Fed.R.Civ.P. (Doc. 18[2])

## II. Jurisdiction

"[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has the affirmative duty to look into its jurisdiction over the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter judgment in the first place."); *Golden Scorpio Corp. v. Steel Horse Saloon I*, 2009 WL 976598, * 3 (D.Ariz. April 9, 2009).

### A. Subject-Matter Jurisdiction and Venue

Federal courts may exercise jurisdiction over claims only where authorized by the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

---

[2] Defendant's default was first entered on September 26, 2011, but it was set aside by the Court on October 18, 2010, because it was not entirely clear that Defendant was properly served. (Doc. 14)

- 2 -

(1994). In 28 U.S.C. § 1331, Congress granted district courts jurisdiction to adjudicate cases arising under the United States Constitution or federal statutes. 28 U.S.C. § 1331; *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) ("Federal courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States[,]'" citing 28 U.S.C. § 1331). Plaintiff alleges Defendant violated the FDCPA, 15 U.S.C. § 1692 *et seq.* Because the FDCPA is a federal statute, Plaintiff's claims "arise" under federal law. *Aniel v. TD Service Co.*, 2011 WL 109550, * 3 (N.D.Cal. January 13, 2011); *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009); *Miller v. Northwest Trustee Services, Inc.*, 2005 WL 1711131, * 2 (E.D.Wash. July 20, 2005). Accordingly, the District Court of Arizona has subject matter jurisdiction to adjudicate Plaintiff's lawsuit.

Venue is appropriate in the District of Arizona under 28 U.S.C. § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Arizona. *Crosby v. Opperman*, 2007 WL 2023470, * 5 (D.Ariz. July 11, 2007); *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992). In *Bates*, the Second Circuit found venue proper in a FDCPA action in the district where a debtor resided and to whom the defendant bill collector's demand for payment was forwarded because defendant's collection notice was central to the FDCPA cause of action and the very harm against which Congress legislated in enacting the FDCPA was located in that district.

### B. Personal Jurisdiction

Under either the Fourteenth[3] or Fifth Amendment,[4] a court may obtain personal

---

[3] "The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984) (citation omitted).

[4] "In most cases, a Fifth Amendment analysis of personal jurisdiction is almost identical to a Fourteenth Amendment inquiry. Both protect individual liberty against government overreaching. There is, however, one crucial difference." The Fourteenth Amendment analysis is designed to balance the interests of the states by ensuring that they "do not reach out beyond the limits imposed on them by their status as coequal sovereigns

1  jurisdiction over a defendant through general jurisdiction, specific jurisdiction, personal
2  service upon defendant within the forum state, through specific consent, or through waiver
3  by the defendant. *Mateer v. Interocean American Shipping Corp.*, 2006 WL 997248, * 2-5
4  (N.D.Cal. April 17, 2006). The plaintiff bears the burden of establishing that the court has
5  personal jurisdiction over each defendant. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.
6  1986) (citing *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).
7  "[T]he plaintiff need only demonstrate facts that if true would support jurisdiction over the
8  defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (quoting *Ballard v.
9  Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). As a general rule, once default is entered, the
10 factual allegations of the complaint are taken as true, except for those allegations relating to
11 the damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)
12 (citations omitted). "Nonetheless, mere 'bare bones' assertions of minimum contacts with the
13 forum or legal conclusions unsupported by specific factual allegations will not satisfy a
14 plaintiff's pleading burden." *Fiore v. Walden*, 657 F.3d 838, 846-47 (9th Cir. 2011) (internal
15 quotation marks omitted) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007)).

    Personal jurisdiction over an out-of-state defendant is appropriate if the relevant
16 state's long-arm statute permits the assertion of jurisdiction without violating federal due
17 process. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004);
18 *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1376–77 (Fed.Cir. 1998). Arizona's
19 long-arm statute is co-extensive with federal due process requirements; hence, the
20 jurisdictional analyses under Arizona law and federal due process are the same.[5] *Pacific
21 Scientific Energetic Materials Co. (Arizona) LLC v. Ensign*, 2011 WL 4434039, * 3 (D.Ariz.
22 September 23, 2011) (citing Ariz.R. Civ.P. 4.2(a)); *Golden Scorpio Corp. v. Steel Horse*

in a federal system."

[5] Because there is no general federal long-arm statute, federal courts look either to the long-arm statutes of the state in which the district court sits or specific federal statutes which authorize the exercise of jurisdiction. *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007).

- 4 -

*Saloon I*, 2009 WL 348740, * 3 (D.Ariz. February 11, 2009) (citing *Schwarzenegger*, 374 F.3d at 801). Therefore, absent traditional grounds for exercising personal jurisdiction over a non-resident defendant, such as, physical presence, domicile, or consent, due process requires that a non-resident defendant have certain "minimum contacts" with the forum state, "such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Kruska v. Perverted Justice Foundation Inc.*, 2009 WL 249432 (D.Ariz. February 2, 2009) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). If a court determines that a non-resident defendant's contacts with the forum state are sufficient to satisfy the Due Process Clause, then the court may exercise either "general" or "specific" jurisdiction over that out-of-state defendant. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) ("There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant - general jurisdiction and specific jurisdiction."); *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).

**1. General Personal Jurisdiction**

General jurisdiction refers to the authority of a court to exercise jurisdiction even where the cause of action is unrelated to the defendant's contacts with the forum. *Ziegler* at 414 n. 9. Hence, the nature of the defendant's contacts with the forum state will determine whether a court may properly exercise general or specific jurisdiction over the defendant. *Id*.

"For general jurisdiction to exist, a defendant must engage in 'continuous and systematic general business contacts[]'" with the forum district. *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1222 (9th Cir. 2011) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). Plaintiff has provided no evidence of the nature of the Defendant's contacts with the District of Arizona. Thus, Plaintiff has failed to meet her burden of establishing that the District Court of Arizona has general personal jurisdiction over Defendant.

**2. Specific Personal Jurisdiction**

Specific jurisdiction exists when a lawsuit arises out of, or is related to, the defendant's contacts with the forum. *Helicopteros*, 466 U.S. at 414 n. 8. The Ninth Circuit

- 5 -

1 employs a three-prong test to determine whether a district court has specific jurisdiction over
2 an out-of-district defendant. *Mavrix Photo, Inc.*, 647 F.3d at 1227-28; *Menken v. Emm*, 503
3 F.3d 1050, 1057 (9th Cir. 2007) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d
4 797, 802 (9th Cir. 2004)). First, "the non-resident defendant must purposefully direct his
5 activities or consummate some transaction with the forum or resident thereof; or perform
6 some act by which he purposefully avails himself of the privilege of conducting activities in
7 the forum . . . ." *Schwarzenegger*, 374 F.3d at 802. "Purposeful availment" requires that the
8 defendant "have performed some type of affirmative conduct which allows or promotes the
9 transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th
10 Cir. 1990) (quoting *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988)).
11 Second, "the claim must be one which arises out of or relates to the defendant's
12 forum-related activities." *Schwarzenegger*, 374 F.3d at 802. Third, "the exercise of
13 jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable."
14 *Id*. "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id*. If a
15 plaintiff satisfies the first two prongs, "the burden then shifts to the defendant to present a
16 compelling case that the exercise of jurisdiction would not be reasonable." *Id.; see also*
17 *Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1188-89 (9th Cir. 2002); *Bancroft*
18 *& Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086-87 (9th Cir. 2000) (citing
19 *Cybersell, Inc. v. Cybersell, Inc*., 130 F.3d 414, 417 (9th Cir. 1997)).

20 The Ninth Circuit considers seven factors when determining whether exercising
21 specific jurisdiction is reasonable: (1) the extent of defendant's purposeful interjection into
22 the forum state, (2) the burden on defendant, (3) the conflicts of the law between the forum
23 state and defendant's home jurisdiction, (4) the forum state's interest in adjudicating the
24 dispute, (5) the most efficient judicial resolution of the controversy, (6) the plaintiff's interest
25 in convenient and effective relief, and (7) the existence of an alternative forum. *Terracom*
26 *v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995); *Sher*, 911 F.2d at 1364; *BCS &*
27 *Associates Business Consulting Services, Inc. v. Essentia Health*, 2010 WL 1253186, * 5-6
28 (D.Ariz., March 25, 2010) (In balancing the *Terracom* factors, "this Court finds it reasonable

to exercise specific jurisdiction over the non-resident Defendants. The extent of Defendants' purposeful interjection into Arizona, the minimal burden on Defendants, the lack of conflict with Defendants' home state, Arizona's interest in adjudicating the dispute and the Court's interest in efficiency weigh in favor of finding jurisdiction reasonable.").

The Complaint's allegations, while skeletal, are sufficient to demonstrate purposeful availment in Arizona. Plaintiff alleges that Defendant "telephone[d] a friend of Plaintiff's, . . .[and] informed this third party that they were going to sue Plaintiff for a debt, and asked the third party to convey this message to Plaintiff[,]" a resident of Tempe, Arizona. (Complaint, doc. 1, ¶¶ 12, 20) "Frightened and embarrassed, Plaintiff returned Defendant's call. During this conversation, Defendant repeatedly threatened legal action if Plaintiff did not start making payments on the alleged debt. Moreover Defendant refused to provide anything in writing to Plaintiff." (*Id.*, ¶¶ 28-29) "Plaintiff made payments for several months . . . When Plaintiff missed January's payment, . . . Defendant would call Plaintiff almost daily, leaving threatening voicemails for her." (*Id.*, ¶¶ 35-37) "One voicemail stated, 'We need you or your attorney to contact me in regards to a court filing date I have scheduled for you.'" (*Id.*, ¶ 38)  Of course, there is no evidence there was a court date for Plaintiff. "In another voicemail left for Plaintiff, Defendant's agent, Ms. Mann[,] stated, 'Either you or your attorney need to contact me, I have a court date set, our attorney has moved forward,' Defendant's agent then referenced a 'case number.'" (*Id.*, ¶ 44) "On or about March 23, 2010, Defendant's agent[,] Ms. Man[n,] called Plaintiff and left a voicemail threatening to put a transaction on Plaintiff's card for $100." (*Id.*, ¶ 51)  "On or about March 24, 2010, Defendant's agent . . . again called Plaintiff in response to Plaintiff's call and left a voicemail stating, "You think you can pay your bills when you want to pay bills? It don't [sic] work that way honey. . . Balance in full due, you have until Monday the 28th or I'm having a court date set. I'm not playing with you no more. I went out of my way. You're not going to call and be ignorant to me!" (*Id.*, ¶ 55) The Complaint alleges these phone calls, threats, failures to disclose that Defendant's communications were from a debt collector, false representations, and "abusive actions" violated numerous aspects of the FDCPA.

- 7 -

1 The telephone calls made by Defendant's agent to Plaintiff qualify as intentional acts. When the allegations are read in conjunction with other portions of the Complaint, specifically that Plaintiff resides in Tempe, it demonstrates that Defendant's actions were "expressly aimed" toward an Arizona resident in Arizona, facts Defendant's agent understood when intentionally placing the calls. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (clarifying that the "expressly aimed" requirement is met if "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state"); *see also Bancroft & Masters*, 223 F.3d at 1087 ("Subsequent cases from this circuit bear out the conclusion that 'express aiming' encompasses wrongful conduct individually targeting a known forum resident."). Though Defendant's agent never physically entered Arizona, the conduct alleged created sufficient nexus to Arizona that Defendant could anticipate having to defend litigation in Arizona.

Other district courts in the Ninth Circuit have found personal jurisdiction under similar facts. *Weakley v. Redline Recovery Services, LLC*, 723 F.Supp.2d 1341, 1344-45 (S.D.Cal. 2010) ("Because individual Defendants Chates and Hardy, from Texas, contacted Plaintiff and Plaintiff's military workplace, in California, by telephone to collect Plaintiff's alleged debt, Defendants have performed acts or transactions within the forum. . . Defendants' communication with Plaintiff in California constitutes contacts sufficient to demonstrate that Defendants Chates and Hardy are subject to personal jurisdiction [in California]."); *Patterson v. Latimer Levay Jurasek LLC*, 2009 WL 1862427 (S.D.Cal. June 29, 2009) (specific jurisdiction in California existed over Illinois debt collector by intentionally sending collection letter to plaintiffs which purportedly violated FDCPA); *Maloon v. Schwartz, Zweban & Slingbaum, L.L.P.*, 399 F.Supp.2d 1108 (D.Haw. 2005) (defendant's contact with Hawaii was the debt collection letter that was the subject of Plaintiff's lawsuit was sufficient to assert personal jurisdiction over out-of-district debt collector); *Brink v. First Credit Resources*, 57 F.Supp.2d 848, 860-61 (D.Ariz. 1999) (Chief Judge Silver found defendant purposefully availed itself of the forum, and that exercise of personal jurisdiction in Arizona was reasonable, based on letters sent to plaintiffs in the

- 8 -

1  forum in alleged violation of the FDCPA); *Paradise v. Robinson and Hoover*, 883 F.Supp.
2  521 (D.Nev. 1995) (in FDCPA case, court found personal jurisdiction based on plaintiff's
3  allegation of a single debt collection letter being sent to the forum state).

4        The Court finds that the first two prongs of the *Schwarzenegger* test have been
5  established: (1) Defendant purposefully directed its phone calls to Plaintiff in Arizona and
6  conducted its business of debt collection in Arizona; and (2) Plaintiff's FDCPA claims arise
7  out of, and relate to, Defendant's forum-related calls into Arizona. *Schwarzenegger*, 374 F.3d
8  at 802.

9        The burden has shifted to Defendant to "present a compelling case" that the District
10 Court of Arizona's exercise of specific personal jurisdiction over Defendant in Arizona
11 would be contrary to fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471
12 U.S. 462, 476-78 (1985); *see also Hammond v. Monarch Investors, LLC*, 2010 WL 2674401,
13 * 2 (S.D.Cal., July 10, 2010) ("If plaintiff succeeds in satisfying both prongs, the burden
14 shifts to the defendant to present a 'compelling case' that the exercise of jurisdiction would
15 not be reasonable.") (citing *Schwarzenegger*, 374 F.3d at 802). Because it has not appeared
16 and its default has been entered, Defendant has not met its burden in this regard.
17 Nevertheless, the exercise of personal jurisdiction over Defendant in Arizona is not
18 unreasonable. First, Defendant purposefully interjected itself into Arizona by intentionally
19 telephoning Plaintiff. Second, the modern-day ease of email and other communications,
20 electronic filing, and relative ease of air travel lessen the burden on Defendant to defend in
21 Arizona. *Sher*, 911 F.2d at 1365. As to the third and fourth factors, both Arizona and New
22 York have an interest in this litigation. Arizona has an interest in protecting its citizens from
23 abusive debt collection practices, 15 U.S.C. § 1692(e), and New York is interested in
24 regulating the activities of debt collectors in that state. *Id.* However, Defendant has not
25 shown that the exercise of jurisdiction in Arizona would make litigation "so gravely difficult
26 and inconvenient that a party unfairly is at a severe disadvantage in comparison to his
27 opponent." *Burger King*, 471 U.S. at 478. Fifth, the controversy can be efficiently resolved
28 in the Phoenix Division of the District Court of Arizona in downtown Phoenix because of

1 the close proximity of the witnesses, evidence, and Sky Harbor Airport. Sixth, a substantial 2 portion of the acts giving rise to the FDCPA claims occurred in Arizona. Seventh, an 3 alternative forum likely exists in Erie County, New York, weighing in favor of transfer, but 4 such transfer would create a significant economic hardship to the non-corporate Plaintiff who 5 may elect to forego vindicating her rights under the FDCPA rather than incurring the cost of 6 travel and retaining out-of-district counsel licensed in New York. Here, Defendant may be 7 able to show it will be inconvenienced, but this does not qualify as a "severe disadvantage." 8 *Sher*, 911 F.2d at 1365. The exercise of specific jurisdiction over Defendant in the District 9 of Arizona is fair, just and reasonable. *Schwarzenegger*, 374 F.3d at 802 (citing *Burger King*, 10 471 U.S. at 476-78).

### C. Magistrate-Judge Jurisdiction

Plaintiff consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (Doc. 6)  Despite Plaintiff's consent, a U.S. magistrate judge is not an Article III judge and does not have jurisdiction to enter a final judgment against a non-consenting, defaulted defendant. *United States v. Jenkins*, 734 F.2d 1322, 1325 n. 1 (9th Cir. 1983) ("It is well established that [] magistrate[ judges] are not Article III judges."); *Henry v. Tri-Services, Inc.*, 33 F.3d 931, 932 (8th Cir. 1994) ("We hold that the magistrate judge lacked authority to enter final judgment because [the defaulted party] did not consent to have the matter tried to the magistrate judge."). While the Ninth Circuit has not expressly addressed whether a magistrate judge has the constitutional authority to enter a default judgment, the Supreme Court has recently held that, because a U.S. bankruptcy judge is not an Article III judge under the Constitution, a bankruptcy judge "[l]ack[s] the constitutional authority to enter final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 2620 (2011). Accordingly, the undersigned Magistrate Judge proceeds by report and recommendation.

### III. The Fair Debt Collection Practices Act

The FDCPA provides that, in addition to actual damages (which Plaintiff does not

now seek), "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to . . . such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (indicating that FDCPA limits statutory damages to $1,000 where "numerous violations of the FDCPA are predicated upon one set of circumstances[.]").

Pursuant to 15 U.S.C. § 1692k(a)(3), a prevailing plaintiff is entitled to the costs of her FDCPA action, as well as "a reasonable attorney's fee as determined by the court." *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 458, 459 (D.Nev. July 6, 1995); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("The FDCPA provides for fee-shifting as a matter of course to successful plaintiffs . . . ."). "An award of attorneys' fees pursuant to section 1692k(a)(3) is mandatory." *Schueneman v. 1st Credit of America, LLC*, 2007 WL 1969708, * 1 (N.D.Cal. July 6, 2007) (citing *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991) ("[A]ttorney's fees should not be construed as a special or discretionary remedy; rather, the [FDCPA] mandates an award of attorney's fees . . . .").

**IV. Federal Rule of Civil Procedure 55**

"When a plaintiff prevails by default, he or she is not automatically entitled to the damages they originally demanded." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Taylor Made Golf Co., Inc. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, (S.D.Cal. 1997). Rule 55(b)(2) requires a district court to make an independent assessment of damages when deciding a motion for default judgment. *Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc.*, 513 F.Supp.2d 1, (S.D.N.Y. 2007) (citing *Securities & Exch. Comm'n v. Management Dyn., Inc.*, 515 F.2d 801, 814 (2d Cir. 1975)). Damages may be proven through either an evidentiary hearing, or through affidavits, other documents, and exhibits that provide a factual basis for determining the amount of a default judgment award. For example, "[a]s a general proposition, punitive damages cannot be awarded simply on the basis of the pleadings, but must instead be established at an evidentiary hearing held pursuant to Fed.R.Civ.P. 55(b)(2) because they clearly are not liquidated or computable." *Comdyne I*, 908 F.2d at 1152 (citing

1 *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).

2     The Ninth Circuit holds that a district court may consider the following factors in
3 exercising its discretion to award a default judgment:

4     (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the
5     action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal
6     Rules of Civil Procedure favoring decisions on the merits.

7 *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary
8 standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v.*
9 *Castworld Prods., Inc*., 219 F.R.D. 494, 498 (C.D.Cal. 2003).

10     After considering the *Eitel* factors as a whole in light of the current record, the Court
11 concludes that entry of default judgment is appropriate. As to the first factor, Plaintiff would
12 suffer prejudice if default judgment was not entered because she would lack any recourse for
13 a recovery. Regarding the second and third factors, the Complaint adequately alleges
14 numerous violations of the FDCPA and Defendant has not asserted that the Complaint fails
15 to state a FDCPA claim. As to the fourth factor, statutory damages of $1,000.00 are not
16 disproportionate or inappropriate in light of the allegations in the Complaint. Next, there is
17 no dispute concerning material facts because in light of Defendant's default, the Court must
18 accept as true all of the well-pled allegations in the Complaint regarding Defendant's
19 FDCPA-based liability, *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002),
20 *cert. denied*, 537 U.S. 1018 (2002), and Defendant has made no attempt to challenge the
21 damages alleged in the Complaint. Regarding the sixth factor, nothing in the record
22 establishes that Defendant's failure to file an answer was due to excusable neglect, especially
23 in light of the Court requiring Plaintiff to serve Defendant twice to ensure fair and lawful
24 notice of this lawsuit. Finally, Defendant's default has made it impossible to render a
25 decision on the merits.

26 **V. Discussion**

27     Plaintiff's Motion for Default Judgment and Attorney's Fees and Costs confirms
28 Plaintiff has abandoned her claim for actual damages and seeks only statutory damages of

$1,000.00 and an award of reasonable attorney's fees and costs as the prevailing party. (Doc. 21 at 3, 7-8)  Because an award of reasonable attorney's fees and costs may be determined by affidavit and supporting documentation, even though such fees were not alleged as a liquidated amount in the Complaint, Rule 55(b)(2)(B) does not require an evidentiary hearing. *Holtsinger v. Briddle*, 2007 WL 1080112, * 1 (E.D.Cal. 2007) ("[W]hen a plaintiff's damages are unliquidated (i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits) or punitive, they require 'proving up' through an evidentiary hearing or some other means.") (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods*., 722 F.2d 1319, 1323 (7th Cir. 1983)) ("A judgment by default may not be entered without a hearing on damages unless, . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.") (citations omitted); *Kauffman v. Specialty Flooring Systems, Inc*., 2012 WL 32739, * 4 (M.D.Pa. January 6, 2012) ("[t]he Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due, as the requested amounts are computable from the terms of the Agreement and proper documentary evidence. See 10 James Wm. Moore, et al., Moore's *Federal Practice* § 55.32[2][c] (Matthew Bender ed. 2010).")

**VI.  Findings of Fact**

1. In the summer of 2010, Defendant telephoned Plaintiff's friend, a third party within the meaning of 15 U.S.C. §1692c(b). During this conversation, Defendant informed the third party that Defendant was going to sue Plaintiff for a debt, and asked the third party to convey this message to Plaintiff. (Doc. 1, ¶ 20 of the Complaint)

2. By making this communication to a third party, Defendant violated 15 U.S.C. § 1692c(b) and 1692b(2). (*Id.*, ¶¶ 21-22)

3. During several conversations with Plaintiff, Defendant repeatedly threatened legal action against Plaintiff. These were threats that Defendant could not execute as a non-lawyer

- 13 -

debt collector, and, therefore, these threats violated 15 U.S.C. § 1692e(5).[6] *See Irwin v. Mascott*, 112 F.Supp.2d 937, 950 (N.D.Cal. 2000) ("If the least sophisticated debtor would take a communication as threatening legal action, it violates the FDCPA.") (citing *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778-779 (9th Cir. 1982) (threat to refer account to attorney for collection held to be threat of unintended legal action) and *Newman v. Checkrite California, Inc.*, 912 F.Supp. 1354, 1379 (E.D.Cal. 1995)). (*Id.*, ¶¶ 29, 32, 38, 43-44, and 49)

4. Defendant failed to provide written notices to Plaintiff, including informing Plaintiff of her right to dispute the alleged debt, and, therefore, Defendant violated 15 U.S.C. § 1692g. (*Id.*, ¶ 33)

5. Defendant's agents routinely called and failed to state the name of the company or that it was a debt collector in their voicemails and, consequently, Defendant violated 15 U.S.C. §§ 1692d(6), 1692e(11). (*Id.*, ¶¶ 37-39, 55-56)

6. Due to Defendant's abusive collection practices spanning several months, Plaintiff suffered actual damages in the form of coerced payments by Defendant, and mental anguish that manifested in symptoms including but not limited to: stress, anxiety, fear, embarrassment, humiliation, sleeplessness, nervousness, restlessness, irritability, feelings of guilt and helplessness, and fear of answering the telephone, all having an adverse impact on Plaintiff's job and personal relationships. (*Id.*, ¶ 61)

---

[6] Section 1692e, entitled "False or misleading representations," provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . . . .
>
> (5) The *threat to take any action that cannot legally be taken* or that is not intended to be taken.

Title 15 U.S.C. § 1692e (emphasis added).

1    7. Plaintiff has voluntarily relinquished her claim for actual damages and requests the
2    maximum statutory damages of $1,000.00.

3    8. The Clerk of Court entered Defendant's default on December 2, 2011. (Doc. 18)

4    9. According to his affidavit for attorney's fees, Plaintiff's counsel, David J.
5    McGlothlin, who practices law full-time as a consumer rights' attorney and partner in the
6    Phoenix law firm of Hyde & Swigart, devoted a net 22.4 hours in prosecuting this action on
7    behalf of Plaintiff after exercising his billing judgment to reduce the fees by 5.1 hours.[7] (Doc.
8    24-2,¶¶ 26-27 at 6)  At his hourly rate of $275.00 per hour, the total fees through December
9    10, 2011 were $6,160.00 ($275.00 x 22.4 hours = $6,160.00). (*Id.* at ¶ 26)

10   10. Plaintiff's counsel incurred a total of $475.00 in reasonable litigation expenses,
11   such as, a filing fee, postage, and process service fees in prosecuting this action on behalf of
12   Plaintiff. (*Id.* at ¶ 28)

13   11. The total amount of Plaintiff's attorney's fees and costs incurred in this action is
14   $6,635.00. (*Id.* at ¶ 29)

15   12. Plaintiff's counsel's rate of $275.00 per hour is reasonable and has been approved
16   in several other cases filed in the District Court of Arizona, including by U.S. Senior District
17   Judge Paul G. Rosenblatt, in *Perkons v. American Acceptance*, No. CV-10-8021-PCT-PGR
18   (D. Ariz. 2010) ("Given the plaintiff's counsel's training, experience and skill level, the
19   Court concludes that the hourly rate charged [$275.00] is reasonable and consistent with the
20   prevailing market rate in the greater Phoenix area for lawyers of his skill level.") (Doc. 25
21   at 9 in CV-10-8021-PCT-PGR); *Cuyler v. Jacobson & Associates LLC et al.*, No. CV-

---

[7] "The fee applicant should exercise billing judgment with respect to the number of hours worked and billed." *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), *abrogated on other grounds*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-805 (2002)). "Billing judgment consists of winnowing hours actually expended down to hours reasonably expended." *Id*. (citing *Case v. Unified School Dist. No. 233, Johnson County*, 157 F.3d 1243, 1250 (10th Cir. 1998)). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (emphasis in original; citation omitted).

1  10-00295-TMB (D.Ariz. July 2011); and *Kukiela v. LMA Professional Recovery Group*, No.
2  CV-10-688-TUC-DTF (D.Ariz. Aug 2011).

3  **VII.  Findings of Law**

4        1. This action arises out of Defendant's multiple violations of the Fair Debt
5  Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. Therefore, subject matter jurisdiction
6  in this District Court is appropriate pursuant to 28 U.S.C. §§ 1331 and 1692(k). (*Id.*, ¶¶ 7-
7  8)

8        2. Plaintiff is an individual who resided in the City of Tempe, State of Arizona at
9  all times material herein. (*Id.*, ¶ 12)

10       3. Defendant is located in the City of Tonawanda, in the County of Erie, State of
11 New York. (*Id.*, ¶ 13)

12       4. At all times relevant, Defendant conducted business within the State of Arizona.
13 Therefore, venue is proper. (*Id.*, ¶¶ 10-11)

14       5. Plaintiff is obligated, or allegedly obligated, to pay a debt, and is a "consumer"
15 as defined by 15 U.S.C. § 1692a(3). (*Id.*, ¶ 14)

16       6. Defendant is a business entity which uses an instrumentality of interstate
17 commerce, such as a telephone, the principal purpose of which is the collection of debts,
18 or which regularly collects or attempts to collect, directly or indirectly, debts owed or due
19 or asserted to be owed or due another and is therefore a "debt collector" as defined by 15
20 U.S.C. § 1692a(6). (*Id.*, ¶ 15)

21       7. Plaintiff is alleged to have incurred certain financial obligations primarily for
22 personal, family or household purposes and, therefore, constitute a "debt" as defined by
23 15 U.S.C. §1692a(5). (*Id.*, ¶¶ 17-18)

24       8. Defendant was properly and lawfully served with the Summons and Complaint
25 by email in this matter.  (Doc. 15)

26       9. Defendant's acts and omissions alleged in the Complaint constitute multiple
27 violations of the FDCPA, including, but not limited to, those specific provisions
28 identified herein and in the Complaint. (*Id.*, ¶ 63)

1    10. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)
2 (2)(A) is appropriate, fair and reasonable because Plaintiff has established that Defendant
3 committed multiple violations of the FDCPA. (*Id.*, ¶ 64)
4    11. It is appropriate to award Plaintiff her reasonable attorney's fees and litigation
5 expenses pursuant to 15 U.S.C. § 1692k(a)(3). *See Edwards v. National Business Factors,*
6 *Inc.*, 897 F.Supp. 458, 459 (D.Nev. July 6, 1995)*; Jacobson v. Healthcare Fin. Servs.,*
7 *Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("The FDCPA provides for fee-shifting as a matter of
8 course to successful plaintiffs . . . ."). "An award of attorneys' fees pursuant to section
9 1692k(a)(3) is mandatory." *Schueneman v. 1st Credit of America, LLC*, 2007 WL
10 1969708, * 1 (N.D.Cal. July 6, 2007) (citing *Graziano v. Harrison*, 950 F.2d 107, 113 (3d
11 Cir. 1991)) ("[A]ttorney's fees should not be construed as a special or discretionary
12 remedy; rather, the [FDCPA] mandates an award of attorney's fees . . . .").
13    12. Plaintiff is entitled to an award of reasonable attorney's fees and litigation
14 expenses, in the amount of $6,160.00 in attorney's fees and $475.00 in costs for a total of
15 $6,635.00. (Doc. 24-2 at 1-7)

**VIII. Conclusion**

The Court concludes that an evidentiary hearing to determine Plaintiff's statutory damages, reasonable attorney's fees and costs is unnecessary. The Court will grant Plaintiff's alternative request for a ruling without further oral argument and evidentiary hearing based upon the Complaint's allegations and documentation submitted by Plaintiff.

Based on the above facts, authorities and analysis, the undersigned **RECOMMENDS** that the District Court of Arizona **GRANT** Plaintiff's Motion for Default Judgment and Attorney's Fees and Costs against Defendant National Credit Works, Inc. ("Defendant"), doc. 21, as follows:

1. Plaintiff's Motion for Default Judgment against Defendant National Credit Works, Inc., be **GRANTED**.

2. Plaintiff's Motion for Attorney's Fees and Costs, doc. 21, supported by her Default Memorandum, doc. 24, Affidavit for Reasonable Attorney's Fees, doc. 24-1, and

Declaration of David J. McGlothlin in Support of Plaintiff's Affidavit for Reasonable Attorney's Fees, doc. 24-2, be **GRANTED** and Plaintiff be awarded her attorney's fees and costs in the amount of $6,635.00.

3.  Award Plaintiff Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

4.  Judgment be entered in favor of Plaintiff Jessica Vaile against National Credit Works, Inc., in the amount of $7,635.00. The Judgment shall earn interest at the annual federal rate from the date of entry of this Judgment until paid in full.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. 28 U.S.C. § 636(b)(1), effective December 1, 2011; Rules 72 and 6, Federal Rules of Civil Procedure, effective December 1, 2011. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Rule 72(b)(2), Fed.R.Civ.P.  Failure to file timely objections to this Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of this Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this Magistrate Judge's recommendations.  Rule 72, Federal Rules of Civil Procedure.

DATED this 26th day of March, 2012.

Lawrence O. Anderson
United States Magistrate Judge